■ In the Matter of GEORGE E. BELLO et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [623 NYS2d 363] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

During all times relevant to this proceeding, petitioners were residents of Connecticut. In September 1985, petitioners filed a second amended New York nonresident tax return for tax year 1983 claiming, *inter alia,* interest expense in the amount of $516,820, certain deductions for a hanger manufacturing business and a $374,126 partnership loss for Reliance Figueroa Associates, a partnership in which petitioner George E. Bello was a member.[1]

Following the filing of petitioners' second amended return, the State Department of Taxation and Finance (hereinafter the Department) conducted an audit of petitioners' tax records for tax years 1982 and 1983.[2] After reviewing petitioners' records, the Department's auditor disallowed, *inter alia,* petitioners' deductions for the hanger manufacturing business, the claimed partnership loss for Reliance and two interest expense deductions payable to Salomon Brothers, Inc. and Bankers Trust Company, respectively. The record indicates that these disallowances were based, in large measure, upon petitioners' failure to adequately document the claimed deductions, expenses and losses. At the conclusion of the audit, the Department determined that petitioners had taxable income in the amount of $250,278 for 1983 and assessed income tax in the amount of $24,387, plus interest and penalty, for the 1983 tax year.

Petitioners thereafter challenged the assessment and a

1. It would appear that Reliance was organized under California law in 1983 and has as its stated purpose the purchase, ownership and operation of the Los Angeles Hilton. According to petitioners, Reliance maintained its principal place of business in New York City.

2. As respondent Tax Appeals Tribunal ultimately concluded that the assessment issued for tax year 1982 was time barred, only the assessment for tax year 1983 is at issue on review.

hearing was held before an Administrative Law Judge (herein-after ALJ) in January 1990. With respect to the disallowances for the partnership losses and the deductions for the hanger business, the parties agreed to be bound by the decision in a then-pending companion case, and the only witness to testify was the Department's auditor. When the decision in the companion case failed to resolve the issues relating to the partnership losses and the hanger business deductions, the ALJ reopened the hearing and gave the parties the opportunity to present additional evidence on these points. Although some supplemental documentation was provided, no additional witnesses testified. The ALJ ultimately sustained the disallowances for 1983 and petitioners filed an exception. Respondent Tax Appeals Tribunal thereafter sustained the assessment and this proceeding challenging that determination ensued.[3]

It is well settled that as the party challenging the assessment, petitioners bore the burden of establishing, by clear and convincing evidence, that the tax assessed was erroneous (see, *Matter of Rizzo v Tax Appeals Tribunal,* 210 AD2d 748; *Matter of Mobley v Tax Appeals Tribunal,* 177 AD2d 797, 799, *appeal dismissed* 79 NY2d 978). We agree with the Tribunal that petitioners failed to tender sufficient evidence to establish that the assessment was erroneous and, therefore, the determination must be confirmed.

As noted previously, petitioners did not present any witnesses to testify on their behalf. With respect to the documentary evidence provided, not only was much of the material offered by petitioners unsworn but, absent an affidavit or actual testimony explaining the significance of, *inter alia,* the various statements and summary sheets submitted, the proof offered in support of petitioners' claims was of little probative value. In this regard, we note that the record plainly reveals that petitioners were given ample opportunity to submit whatever proof they wished at the hearings before the ALJ. Indeed, the ALJ twice granted the parties more time to offer additional proof on the relevant issues and even went so far as to suggest to petitioners, with respect to the issue of the partnership losses, that they submit the partnership agreement and appropriate affidavits to substantiate their claims. This petitioners simply failed to do. We have examined petitioners' remaining contentions and find them to be lacking in merit.

---

3. In the petition filed in this proceeding, petitioners also challenged a disallowance for certain entertainment and home office expenses. As petitioners failed to address this issue in their brief, we deem it abandoned (see, *First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

