■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS G. BATISTA, Also Known as GIOVANNI, Appellant. [725 NYS2d 104] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 6, 1999, convicting defendant upon his plea of guilty of the crime of at-

tempted criminal sale of a controlled substance in the third degree.

After defendant sold cocaine to a police informant on two occasions in May 1998, his residence was searched pursuant to a warrant and, as a result of the search, defendant was charged with criminal possession of a controlled substance in the third degree. Pursuant to a plea bargain, defendant entered a plea of guilty to the reduced charge of criminal possession of a controlled substance in the seventh degree, a misdemeanor, and he was sentenced to 330 days in the Chemung County Jail. Defendant was thereafter indicted on two counts of criminal sale of a controlled substance in the third degree and ultimately entered a plea of guilty to attempted criminal sale of a controlled substance in the third degree in satisfaction of the indictment. After denying defendant's request to withdraw his plea, County Court sentenced him as a second felony offender to a prison term of 4 to 8 years in accordance with the plea bargain.

On this appeal from the felony conviction, defendant claims that the offenses charged in the indictment and the prior drug possession offense were joinable in a single indictment pursuant to CPL 200.20 (2) (c) and that the prosecution abused its discretion by prosecuting them separately. Assuming that the claim has been preserved for our review, it has no merit. Inasmuch as the crimes were not based on the same criminal transaction, the mandatory joinder provisions of CPL 40.40 were inapplicable and, therefore, defendant had no reason to believe that, after his plea to the possession crime, the People would forgo prosecution of the separate and distinct crimes based upon the drug sales. Defendant's speculation that a single indictment charging him with all three crimes "would probably have been resolved with a negotiated plea to a single count in satisfaction of the entire instrument" is insufficient to create a new category of mandatory joinder, which would be the effect of accepting defendant's claim.

Defendant's request to withdraw his plea was based upon his desire to take advantage of parole supervision in an intensive drug treatment program as authorized by CPL 410.91. In denying the request, County Court explained that the program was only available to those convicted of class D or E felonies and that, in light of defendant's criminal history, the court would not agree to reduce the charges in the indictment below that of the class C felony to which defendant had entered his plea. In these circumstances, County Court did not err in denying defendant's request. Finally, the record on this direct

appeal does not support defendant's claim of ineffective assistance of counsel (*see, People v Baldi*, 54 NY2d 137).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.