■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FARNSWORTH, Appellant. [805 NYS2d 862]—

Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered September 15, 2004. The judgment convicted defendant, upon his plea of guilty, of possessing a sexual performance by a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of possessing a sexual performance by a child (Penal Law § 263.16). Defendant previously had been charged with endangering the welfare of a child (§ 260.10 [1]) and had pleaded guilty to attempted endangering the welfare of a child in satisfaction thereof. By pleading guilty to one count of the second indictment, defendant forfeited his present contention concerning the alleged violation of CPL 40.40 (1), which prohibits the separate prosecution of offenses that are "joinable in a single accusatory instrument against a person by reason of being based upon the same criminal transaction" (*see People v Prescott*, 66 NY2d 216, 219-220 [1985], *cert denied* 475 US 1150 [1986]). Defendant further contends that County Court erred in failing to conduct further inquiry after defendant stated that he was innocent (*see generally People v Lopez*, 71 NY2d 662, 666 [1988]). We reject that contention, inasmuch as the record establishes that defendant provided a sufficient factual allocution to support his plea of guilty after initially stating that he was innocent. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.