UNITED STATES of America, Plaintiff,

v.

Chad Allen MUTSCHELKNAUS, Defendant.

Case No. 1:08–cr–017.

United States District Court, D. North Dakota, Southwestern Division.

July 9, 2008.

Clare R. Hochhalter, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

Chad R. McCabe, McCabe Law Firm, Bismarck, ND, for Defendant.

### ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS

DANIEL L. HOVLAND, Chief Judge.

Before the Court is the Defendant's Motions to Suppress Evidence filed on June 13, 2008, and June 23, 2008. *See* Docket Nos. 21 and 24. The Government filed responses in opposition to the motions on June 25, 2008, and July 2, 2008. *See* Docket Nos. 27 and 28. The Defendant filed reply briefs on July 2, 2008, and July 7, 2008. *See* Docket Nos. 29 and 30. The Defendant filed an amended reply brief on July 8, 2008. *See* Docket No. 31. The Court denies the motions for the reasons set forth below.

### I. *BACKGROUND*

On March 19, 2008, the defendant, Chad Allen Mutschelknaus, was charged with one count of distribution and receipt of materials involving the sexual exploitation

of minors, and one count of possession of material involving the sexual exploitation of minors. *See* Docket No. 1.

In October 2007, United States Immigration and Customs Enforcement (I.C.E.) executed a search warrant on the residence and computer of Arlo E. Erickson, an individual involved in the possession and distribution of child pornography using Google Hello, a photograph sharing program. Erickson granted I.C.E. Special Agent Russell Perras permission to assume his Google Hello identity, "aronechee." On October 16, 2007, Special Agent Perras, while posing as "aronechee," engaged in an online conversation with an individual later identified as Chad Allen Mutschelknaus. During that online conversation, Mutschelknaus sent 236 pictures to "aronechee," most of which depicted children engaged in sexually explicit acts or poses. An internet protocol address investigation revealed that Mutschelknaus was using a computer at a residence in Mandan, North Dakota.

On December 12, 2007, I.C.E. Special Agent Michael Arel submitted an application and affidavit to Magistrate Judge Charles S. Miller, Jr. for a warrant to search the Mandan residence, "as well as any computer/electronic storage media that may be seized." *See* Docket No. 22–2, ¶ 15. Special Agent Arel requested that law enforcement be allowed to conduct the forensic search of the computer and electronic storage media after the execution and return of the search warrant. Judge Miller granted the search warrant and ordered that the search be conducted on or before December 22, 2007. The Government was given sixty (60) days from the date of the execution of the warrant to search any electronic device or storage media authorized by the warrant. The search warrant was executed on December 12, 2007. Forensic analysis of the comput-

er and electronic storage media was performed between December 14, 2007, and February 12, 2008.

In the motion to suppress evidence filed on June 13, 2008, Mutschelknaus contends that Special Agent Arel's affidavit "was insufficient to establish probable cause for the search warrant, and therefore, the evidence stemming from the illegal search must be suppressed." *See* Docket No. 21. Mutschelknaus contends that probable cause was not established, "given the omission of the images and a specific description of the subjects to demonstrate that they were actually children." *See* Docket No. 22. Mutschelknaus also contends that the good faith exception does not save the search warrant. *See* Docket No. 22.

In the motion to suppress evidence filed on June 23, 2008, Mutschelknaus moves the Court to "suppress any and all evidence obtained as the result of an illegal and unconstitutional search and seizure in violation of the Fourth Amendment of the United States Constitution and Rule 41, F.R.Cr.P." *See* Docket No. 24. Mutschelknaus contends that I.C.E. was granted sixty (60) days to search the computer and electronic storage media in violation of Rule 41(e)(2)(A) of the Federal Rules of Criminal Procedure, which requires the execution of a warrant within ten (10) days. *See* Docket No. 25. Mutschelknaus also contends that the good faith exception does not save the search warrant. *See* Docket No. 25.

The Government contends that Special Agent Arel's affidavit established probable cause to support the search warrant and that even if there was not probable cause, the good faith exception applies. *See* Docket No. 27. The Government contends that Rule 41(e)(2)(A) of the Federal Rules of Criminal Procedure only requires that the search warrant be executed within ten days and does not require the subsequent

examination of the items seized to take place within ten days. *See* Docket No. 28.

## II. *LEGAL DISCUSSION*

### A. *PROBABLE CAUSE FOR SEARCH WARRANT*

 Mutschelknaus contends that there was not probable cause for the search warrant because the images at issue, or at least a specific description of the images, were not made part of the search warrant application. The Fourth Amendment secures the persons, houses, papers, and effects of the people against unreasonable searches and seizures by the government. The general rule is that the government must secure a warrant before conducting a search. *United States v. Alberts*, 721 F.2d 636, 638 (8th Cir.1983). The Fourth Amendment requires probable cause, which depends on the totality of the circumstances, to support a search warrant. *United States v. Gabrio*, 295 F.3d 880, 882 (8th Cir.2002). "The court issuing a search warrant must 'make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *United States v. Carter*, 413 F.3d 712, 714 (8th Cir.2005) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). After a judicial officer has issued a search warrant upon a finding of probable cause, "that finding deserves great deference." *Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir.1998).

Mutschelknaus bases his contention that the search warrant application should have included the images or a specific description of the images on *United States v. Syphers*, 426 F.3d 461 (1st Cir.2005). In *Syphers*, 426 F.3d at 465, the First Circuit

Court of Appeals cited *United States v. Brunette*, 256 F.3d 14, 20 (1st Cir.2001):

> A court reviewing a warrant application to search for pornographic materials ordinarily is unable to perform the evaluation required by the Fourth Amendment if the application is based on allegedly pornographic images neither appended to, nor described in, the supporting affidavit. Ideally, copies of such images will be included in all search warrant applications seeking evidence of child pornography crimes. If copies cannot feasibly be obtained, a detailed description, including the focal point and setting of the image, and pose and attire of the subject, will generally suffice to allow a magistrate judge to make a considered judgment.

In this matter, the images at issue were not attached to the search warrant application. Special Agent Arel did provide the text, with added commentary, of the online conversation that led to the transfer of the pictures and within the commentary it was noted that nearly all of the pictures "appeared to depict children engaged in sexually explicit acts." *See* Docket No. 22–2, ¶ 7. Later in the commentary to the online conversation, a photograph that appeared "to depict a young female child 4 performing oral sex on an adult male" was described. *See* Docket No. 22–2, ¶ 7. Mutschelknaus does not contend that the Eighth Circuit Court of Appeals requires that images of child pornography be attached to search warrant applications or that detailed descriptions of the images be provided.

 The Court finds that, based on the totality of the information and circumstances presented to Judge Miller, there was a reasonable and fair probability that evidence of a crime would be found at the Mandan residence or on the computer and electronic storage media at that residence.

On October 16, 2007, Special Agent Perras personally observed child pornography pictures as Mutschelknaus transferred them to "aronechee," and passed this information on to Special Agent Arel, thus forming the basis for the search warrant application. No evidence has been presented to call into question Special Agent Arel's veracity and he had sufficient knowledge based on what Special Agent Perras had personally observed.

It is clear from the record that Judge Miller made a practical, common sense decision, given all the circumstances before him, that probable cause existed for the issuance of a search warrant. In accordance with precedent in the Eighth Circuit, Judge Miller's findings of probable cause deserve great deference in this case. Based on a careful review of the entire record, and the considerable deference to be given to the magistrate judge's decision, the Court finds that probable cause existed to support the issuance of a search warrant of the Mandan residence and the computer and electronic storage media at that residence. The Court declines to find that images of child pornography, or at least a detailed description of the images, must be provided with the search warrant application for the magistrate judge to issue the search warrant.

### B. *RULE 41(e)(2)(A)*

Mutschelknaus contends that the forensic analysis of the computer and electronic storage media was in violation of Rule 41(e)(2)(A) of the Federal Rules of Criminal Procedure because it was conducted more than ten days after the issuance of the search warrant. Rule 41(e)(2)(A) establishes that a search warrant "must command the . officer to *execute* the warrant within a specified time no longer than 10 days." (emphasis added). Judge Miller gave the Government until December 22,

2007, to execute the search warrant. The search warrant was executed on December 12, 2007. Additionally, Judge Miller granted the Government sixty (60) days to search any electronic devices authorized by the warrant. The forensic analysis was completed by February 12, 2008, which was within sixty days from when the warrant was executed.

■ "Neither Fed.R.Crim.P. 41 nor the Fourth Amendment provides for a specific time limit in which a computer may undergo a government forensic examination after it has been seized pursuant to a search warrant." *United States v. Hernandez*, 183 F.Supp.2d 468, 480 (D.P.R.2002). The Fourth Amendment only requires that the subsequent search of the computer be made within a reasonable time. *United States v. Grimmett*, 2004 WL 3171788 *5 (D.Kan.2004) (citing *Berger v. New York*, 388 U.S. 41, 58–60, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967)); *see United States v. Syphers*, 296 F.Supp.2d 50, 58 (D.N.H. 2003) (denying defendant's motion to suppress search of computer contents when search was completed seven months after seizure because time frame was not unreasonable and state did not "overstep any constitutional boundaries."). It is established that courts have recognized that a search of computer data involves more preparation than an ordinary search and a greater degree of care in the execution of the warrant; and that the search may involve much more information. *Hernandez*, 183 F.Supp.2d at 481.

In *United States v. Hernandez*, 183 F.Supp.2d 468, 480 (D.P.R.2002), a search warrant was obtained on July 30, 2001, and was to be executed by August 8, 2001. The defendant's computer and its hard drive were searched on July 31, 2001. An examination of twenty-six (26) floppy disks was conducted on September 13, 2001. Although the disks were retrieved after the

magistrate judge's deadline, they were *seized* pursuant to a valid search warrant before the imposed deadline. In *Hernandez,* the court found that the search of the defendant's home took place within the time period designated by the magistrate judge and that "it was perfectly reasonable for the Government to take a longer time to search and inspect the images in the floppy disks, particularly after already having discovered child pornography in Defendant's hard disk." *Id.* at 481. The court denied the defendant's motion to suppress the evidence found on the disks.

■ In this case, the computer and electronic storage media were seized within the ten (10) day time limit established in the search warrant and the forensic analysis took place within the sixty (60) days granted by the magistrate judge. As set forth above, the Federal Rules of Criminal Procedure do not require that the forensic analysis of computers and other electronic equipment take place within a specific time limit. Any subsequent search only needs to be conducted within a reasonable time. The Court finds that the forensic analysis conducted on the computer and electronic storage media by February 12, 2008, was done so within a reasonable amount of time after the execution of the search warrant and, therefore, the evidence shall not be suppressed.

### C. *GOOD FAITH EXCEPTION*

In the motions to suppress evidence, Mutschelknaus contends that the good faith exception does not save the allegedly invalid search warrant. The Court finds that there was probable cause for the search warrant and that the forensic analysis of the computer and electronic media storage did not violate Rule 41(e)(2)(A) of the Federal Rules of Criminal Procedure. Therefore, an analysis of the good faith exception is not needed.

### III. *CONCLUSION*

Based on the totality of the circumstances, and with "great deference" given to the issuing judicial officer, the Court finds that there was a substantial basis in the record for Judge Miller to find probable cause for the issuance of a search warrant. Further, the execution of the search warrant was done in compliance with Rule 41 of the Federal Rules of Criminal Procedure. The Court **DENIES** the Defendant's Motions to Suppress Evidence (Docket Nos. 21 and 24). The Court **FINDS AS MOOT** the Defendant's Motion for Hearing (Docket No. 26).

**IT IS SO ORDERED.**