# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 09-1106

—————

United States of America,        *
                                       *

           Appellee,         *

                                 *   Appeal from the United States
      v.                    *   District Court for the
                                 *   District of North Dakota.

Chad Allen Mutschelknaus,    *

                                       *

          Appellant.        *

—————

Submitted: October 21, 2009
Filed: January 4, 2010

—————

Before RILEY, HANSEN and GRUENDER, Circuit Judges.

—————

GRUENDER, Circuit Judge.

Chad Allen Mutschelknaus entered a conditional guilty plea to one count of possession of child pornography. He now appeals the denial of his motions to suppress, challenging both the sufficiency of the search warrant application and the timing of the officers' forensic analysis of his seized computer. We affirm.

## I. BACKGROUND

An investigation into the distribution of child pornography led law enforcement officers to a computer user in Alaska going by the online identity "Aronechee." An

examination of Aronechee's computer revealed that he had been distributing child pornography through an online photo-sharing program. Aronechee gave law enforcement officers permission to adopt his online identity. Using his identity, officers sent Mutschelknaus a message claiming that Aronechee's collection of images had been lost after a computer crash. In response, Mutschelknaus sent a total of 236 images, saying that he was "just sending what you sent me at one time." Nearly all of the images depicted children engaged in sexual acts or in sexually explicit poses.

Officers traced the Internet Protocol address of the computer sending these images to the home of Mutschelknaus's girlfriend. They then informed Immigration and Customs Enforcement Special Agent Michael Arel about the exchange, forwarding him a disk with the images Mutschelknaus sent. Special Agent Arel applied for a search warrant for the home of Mutschelknaus's girlfriend on December 12, 2007. The federal magistrate judge issued the warrant, which required that the search of the home be performed within ten days. The magistrate judge also allowed officers the additional sixty days they requested to examine forensically any computer equipment seized. Federal agents searched the home and seized a computer that same day. When officers later examined the computer, more than ten days later but within the sixty-day time frame, they discovered images of child pornography.

A grand jury indicted Mutschelknaus on one count of distribution of child pornography, 18 U.S.C. § 2252(a)(2) and (b)(1), and one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B) and (b)(2). After the district court[1] denied Mutschelknaus's two motions to suppress the evidence from the December 12, 2007 search and the subsequent examination of the seized computer, Mutschelknaus entered a conditional guilty plea to the possession of child pornography count. The district court sentenced him to 63 months' imprisonment.

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

## II.    DISCUSSION

On appeal, Mutschelknaus challenges the district court's denial of both of his motions to suppress.  First, he argues that the search warrant application provided insufficient information to permit the magistrate judge to find probable cause to justify the search.  In particular, he argues that the application should have included either the images themselves or a more detailed description of the images Mutschelknaus sent to allow a magistrate independently to determine that the images were child pornography.  Second, he argues that the sixty-day extension allowed for officers to analyze the seized computer violated Rule 41 of the Federal Rules of Criminal Procedure.  "On appeal from the denial of a motion to suppress, we review a district court's findings of fact for clear error and its legal conclusions—including its probable cause determination—de novo." *United States v. El-Alamin*, 574 F.3d 915, 923 (8th Cir. 2009) (internal quotation marks omitted).

We reject Mutschelknaus's first argument because the search warrant application contained sufficiently detailed descriptions of the images Mutschelknaus sent to permit the issuing judge to make an independent finding of probable cause. "An affidavit establishes probable cause for a warrant if it 'sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched.'" *United States v. Snyder*, 511 F.3d 813, 817 (8th Cir.) (internal quotation marks omitted) (quoting *United States v. Davis*, 471 F.3d 938, 946 (8th Cir. 2006)), *cert. denied*, 554 U.S. ---, 128 S. Ct. 2947 (2008).  "Whether probable cause to issue a search warrant has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge should be paid great deference by reviewing courts." *United States v. Hansel*, 524 F.3d 841, 845 (8th Cir.) (quoting *United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007)), *cert. denied*, 555 U.S. ---, 129 S. Ct. 520 (2008). "As a general matter, an issuing court does not need to look at the images described

in an affidavit in order to determine whether there is probable cause to believe that they constitute child pornography. A detailed verbal description is sufficient." *United States v. Lowe*, 516 F.3d 580, 586 (7th Cir. 2008).

The search warrant application described the development of the investigation, including law enforcement officers' use of the online identity of Aronechee, a person known to distribute child pornography. In this case, the law enforcement officer posing as Aronechee provided Special Agent Arel with copies of the images that Mutschelknaus sent. Special Agent Arel's application described the images as "appear[ing] to depict children engaged in sexually explicit acts" and noted that one image included "a young female child performing oral sex on an adult male." The application also stated that "[n]early every image sent . . . depicted children engaged in sexual acts or in sexually explicit poses." Additionally, the search warrant application included information about Special Agent Arel's training and experience in investigations of child pornography and exploitation. The information in the application was sufficient to permit a magistrate judge independently to conclude that there was probable cause to believe that evidence of criminal activity would be found at the home.

Mutschelknaus argues that the images described "could have been virtual children or adults depicted as children," and since such images do not fall within the statutory definition of child pornography, the warrant application did not establish a fair probability of finding evidence of criminal activity. However, Special Agent Arel was trained in child pornography investigations and described the images as involving children. *See United States v. Stults*, 575 F.3d 834, 844 (8th Cir. 2009) (considering the affiant's training in evaluating the sufficiency of a search warrant application). Furthermore, the application explicitly contrasts a child and an adult depicted in the same image, reinforcing the notion that these images actually did involve children. *See United States v. Grant*, 490 F.3d 627, 632 (8th Cir. 2007) ("Lewis, an experienced computer-repair technician, personally observed the images on the Grants' computer

and, specifically distinguishing those images from the 'adult pornography' he had seen on other computers, concluded that the images on the Grants' computer were child pornography."). In any event, merely identifying an alternative, non-criminal explanation for the information in a warrant is not sufficient to render it defective, unless that explanation eliminates the fair probability that evidence of criminal activity will be found at the described location. *See United States v. Robertson*, 39 F.3d 891, 894 (8th Cir. 1994) ("That [the defendant] can now advance alternative explanations for [their suspicious activity] does not undermine the magistrate's decision to credit the agents' reasonable inferences."). Here, given the descriptions of the images in the warrant application, Aronechee's involvement in child pornography, and Special Agent Arel's training and experience, probable cause existed. We therefore affirm the district court's denial of Mutschelknaus's first motion to suppress.

Mutschelknaus also argues that the sixty-day extension that the magistrate judge allowed for examining the seized computer violated Rule 41 of the Federal Rules of Criminal Procedure, which requires that warrants be executed within ten days of issuance. The Government argues that Rule 41 does not govern subsequent examinations of seized items and that because the computer was seized within ten days, Rule 41's requirements were met. Regardless of whether Rule 41 was violated, however, "noncompliance with Rule 41 does not automatically require exclusion of evidence in a federal prosecution. Instead, exclusion is required only if a defendant is prejudiced or if reckless disregard of proper procedure is evident." *United States v. Spencer*, 439 F.3d 905, 913 (8th Cir. 2006) (internal citations and quotation marks omitted).

Mutschelknaus does not argue that the sixty-day extension prejudiced him. Our recent analysis in *United States v. Brewer* applies with equal force to the facts of Mutschelknaus's case. "The computer media at issue here were electronically-stored files in the custody of law enforcement. Because of the nature of this evidence, the . . . delay in searching the media did not alter the probable cause analysis." *United*

*States v. Brewer*, --- F.3d ---, No. 08-3079, slip op. at 11 (8th Cir. Dec. 17, 2009). Nor did the officers show a "reckless disregard of proper procedure." *See Spencer*, 439 F.3d at 913. The search warrant application acknowledges that computer examinations can take additional time and accordingly requested additional time to perform the examination after the computer was seized. "Courts have permitted some delay in the execution of search warrants involving computers because of the complexity of the search." *United States v. Syphers*, 426 F.3d 461, 469 (1st Cir. 2005) (collecting cases). Here, the officers' explicit request for an extension shows a manifest *regard* for the issuing judge's role in authorizing searches, rather than a "bad faith [attempt] to circumvent federal requirements." *See id.* Because the sixty-day extension did not prejudice Mutschelknaus and because the officers did not show a reckless disregard of proper procedure, we also affirm the district court's denial of Mutschelknaus's second motion to suppress.

## III.   CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Mutschelknaus's motions to suppress.

_____