# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1198**

**KA 11-01004**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              OPINION AND ORDER

STEPHEN DEPROSPERO, DEFENDANT-APPELLANT.

---

FRANK POLICELLI, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 14, 2011. The judgment convicted defendant, upon his plea of guilty, of predatory sexual assault against a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Opinion by PERADOTTO, J.: The novel issue raised on this appeal from a judgment convicting defendant upon a plea of guilty of predatory sexual assault against a child (Penal Law § 130.96) is whether County Court erred in refusing to suppress evidence uncovered as a result of a January 2010 search of property that had been seized from defendant pursuant to a May 2009 warrant. For the reasons that follow, we conclude that the court properly refused to suppress that evidence.

## Factual and Procedural Background

In 2008 and early 2009, an undercover State Police investigator worked to identify individuals sharing child pornography on the internet over peer-to-peer file sharing networks. A certain IP address was a download candidate for suspected child pornography files over 40 times between February 18, 2009 and March 3, 2009, and the investigator confirmed that three specific images associated with that address contained child pornography. The IP address was traced to defendant's home. Based on that investigation, the investigator applied for and obtained a warrant authorizing the search of defendant's home and the seizure of his computers therefrom, including "peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal or external storage media." When the warrant was executed on May 5, 2009, a "limited preview" of defendant's computer revealed an image of an unknown female child

performing oral sex on a male adult.  Defendant was arrested, and the police seized various items of electronic equipment belonging to him, including a computer and two digital cameras.

Shortly after his arrest, defendant's employer contacted the District Attorney's Office and indicated that defendant had worked with children in the course of his employment, that he had displayed a particular interest in one child, and that other children had reported that defendant may have photographed them.  Unbeknownst to the Assistant District Attorney (ADA) assigned to defendant's case, the property seized from defendant in May 2009 was not promptly subjected to a full forensic examination by the State Police Crime Laboratory.  Thus, mistakenly believing that the evidence against defendant was limited to the single image of child pornography discovered during execution of the search warrant, and apparently concerned about speedy trial issues, the ADA offered defendant a sentence promise of six months in jail and 10 years of probation in exchange for a plea of guilty to possessing a sexual performance by a child (see Penal Law § 263.16).  Defendant accepted the offer, pleaded guilty to a superior court information on September 17, 2009, and was sentenced as promised on November 2, 2009.

After sentencing, defendant's attorney contacted the ADA and requested the return of defendant's property seized pursuant to the May 2009 warrant.  Prior to releasing the property, however, the ADA instructed the State Police to examine it to ensure that no contraband was returned to defendant.  In January 2010, a State Police investigator found hundreds of pornographic images and videos of children on defendant's computer, as well as a "deleted video clip" on one of defendant's cameras.  The investigator recovered 353 still-frame images from the deleted video clip, depicting the penis of an adult male in the mouth of an autistic male child who appeared to be less than 12 years old and resided in a group home where defendant worked (hereafter, victim).  The external hard drive of defendant's computer contained other images, both pornographic and otherwise, of defendant and the victim.  A physical examination of defendant in March 2010 confirmed that defendant had a birthmark on his penis matching that of the adult male in the images recovered from the deleted video clip.  State and federal prosecutions ensued.

On August 5, 2010, defendant was indicted on one count of predatory sexual assault against a child (Penal Law § 130.96) and four counts of criminal sexual act in the first degree (§ 130.50 [4]).  The acts underlying the predatory sexual assault count and the first criminal sexual act count were alleged to have occurred "on or about and between September 25, 2006 through and including December 25, 2007."  The acts underlying the remaining criminal sexual act counts were alleged to have occurred between September 15, 2005 and December 25, 2007.  By way of omnibus motion, defendant sought, inter alia, dismissal of the indictment based upon CPL 40.40.  Defendant also sought to suppress the evidence seized from his computer and camera on the grounds that the May 2009 search warrant was not supported by probable cause, and that the police lacked jurisdiction to search his computer and camera once the 2009 criminal proceeding terminated.

Following a suppression hearing, the court denied those parts of defendant's omnibus motion seeking dismissal of the indictment pursuant to CPL 40.40 and suppression of the evidence recovered from defendant's camera and computer. With respect to that part of the motion seeking suppression, the court first determined that the May 2009 search warrant was supported by probable cause. After noting that this "may be a case of first impression concerning the delayed analysis of property that has been lawfully seized," the court concluded that there was "nothing inherently wrong or improper about a delayed analysis or inspection of property that [has been] lawfully seized," that defendant did not have a legitimate expectation of privacy in the items searched by the State Police in January 2010, and that the May 2009 warrant continued to provide probable cause for that subsequent search. The court therefore determined "that the police did not need a second search warrant to do a complete forensic analysis of the seized property prior to returning said property to the defendant."

Defendant thereafter pleaded guilty to predatory sexual assault against a child, admitting that, at some point between September 25, 2006 and December 25, 2007, he engaged in oral sexual contact with a child less than 13 years of age. Defendant was sentenced to an indeterminate term of 18 years to life, and he now appeals.

## Discussion

Addressing first defendant's contention pursuant to CPL 40.40, we note that defendant forfeited such contention by his plea of guilty (*see People v Prescott*, 66 NY2d 216, 218, *cert denied* 475 US 1150; *People v Farnsworth*, 24 AD3d 1206, *lv denied* 6 NY3d 847). In any event, we conclude that the court properly determined that there was no statutory double jeopardy violation. "CPL 40.40 prohibits a separate prosecution of joinable offenses that arise out of the same transaction and involve different and distinct elements under circumstances wherein no violation of the double jeopardy principle can validly be maintained but the equities nevertheless seem to preclude separate prosecutions" (*People v Tabor*, 87 AD3d 829, 831 [internal quotation marks omitted]). The statute applies only to offenses that are joinable on the ground that they arise from a single criminal transaction (*see* CPL 40.40, 200.20 [2] [a]; *see generally People v Dallas*, 46 AD3d 489, 490, *lv denied* 10 NY3d 809, 933).

Here, the 2009 and 2010 offenses arose from separate criminal transactions. A criminal transaction is comprised of two or more acts "either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture" (CPL 40.10 [2]). In this case, the 2009 and 2010 offenses have different elements, and were committed in different places, at different times, and against different victims (*see People v Rossi*, 222 AD2d 717, 718, *lv denied* 88 NY2d 884; *see also People v Haddock*, 80 AD3d 885, 886, *lv denied* 16 NY3d 831; *cf.* CPL 40.10 [2] [a]). As the court properly concluded, the mere fact that evidence of both

offenses was collected pursuant to the same search warrant does not link them to a single criminal transaction (*see generally People v Batista*, 282 AD2d 825, 826, *lv denied* 96 NY2d 825, 829).  Further, defendant's possession of a pornographic image of an unknown female child is plainly not an integral part of the same "criminal venture" as his act of engaging in oral sexual conduct with a male child with whom he was acquainted (CPL 40.10 [2] [b]; *see Matter of Martinucci v Becker*, 50 AD3d 1293, 1293-1294, *lv denied* 10 NY3d 709; *People v Harris*, 267 AD2d 1008, 1009-1010; *see generally People v Van Nostrand*, 217 AD2d 800, 801, *lv denied* 87 NY2d 851).  Thus, because the two prosecutions of defendant were based on separate criminal transactions, the instant prosecution is not barred by CPL 40.40 (*see People v Mono*, 197 AD2d 909, *lv denied* 82 NY2d 900).

We likewise reject defendant's further contention that the May 2009 search warrant authorizing seizure of his computer and related items was not based upon probable cause.  Probable cause for the issuance of a search warrant is established when a warrant application provides a reviewing magistrate with information sufficient to support a reasonable belief that evidence of a crime will be found at the place to be searched (*see People v Edwards*, 69 NY2d 814, 815-816; *People v Bigelow*, 66 NY2d 417, 423; *People v Martinez*, 298 AD2d 897, 898, *lv denied* 98 NY2d 769, *cert denied* 538 US 963, *reh denied* 539 US 911).  Approval by a reviewing magistrate cloaks a search warrant with "a presumption of validity" (*People v Castillo*, 80 NY2d 578, 585, *cert denied* 507 US 1033; *see People v Welch*, 2 AD3d 1354, 1357, *lv denied* 2 NY3d 747).  Here, the sworn warrant application of the State Police investigator provided probable cause for the issuance of the search warrant.  The application included a thorough overview of the affiant's experience in investigating the distribution of child pornography on the internet, and set forth the basis for his belief that defendant possessed child pornography (*see generally People v Darling*, 263 AD2d 61, 65, *affd* 95 NY2d 530; *People v Tambe*, 71 NY2d 492, 501).  Specifically, the investigator noticed that a certain IP address was a download candidate for suspected pornography files over 40 times in a period of approximately two weeks, compared three specific files associated with that IP address to files recovered in previous investigations to verify that they depicted child pornography, and traced the IP address to defendant's home.  Those facts thus provided the reviewing magistrate with information to support a reasonable belief that defendant possessed child pornography (*see generally Edwards*, 69 NY2d at 816).  Defendant failed to preserve for our review his further contention that the warrant was overbroad (*see generally People v King*, 284 AD2d 941, *lv denied* 96 NY2d 920) and, in any event, that contention is without merit.

Turning to the novel issue on appeal, we conclude that the court properly refused to suppress evidence uncovered in the January 2010 search of property seized pursuant to the May 2009 warrant.  While it is indeed the case that the examination at issue of defendant's property occurred after sentencing on another charge and followed defendant's request for the return of such property, we conclude that the police conduct in this case did not violate defendant's Fourth Amendment rights for a number of reasons.  First, defendant provides

no support for his contention that the authority to search his property pursuant to the May 2009 warrant terminated at the conclusion of the 2009 prosecution, and we reject that contention. The search warrant directed the police to seize, inter alia, defendant's computers, external drives, storage media, and cameras, and "authorize[d] the police agency to retain said property for the purpose of further analysis and examination." There was no deadline in the warrant for completion of the forensic examination and analysis, "nor [does] the Fourth Amendment provide[] for a specific time limit in which a computer may undergo a government forensic examination after it has been seized pursuant to a search warrant" (*United States v Hernandez*, 183 F Supp 2d 468, 480; *see United States v Syphers*, 426 F3d 461, 469, *cert denied* 547 US 1158; *United States v Gorrell*, 360 F Supp 2d 48, 55 n 5 ["The warrant did not limit the amount of time in which the government was required to complete its off-site forensic analysis of the seized items and the courts have not imposed such a prophylactic constraint on law enforcement"]; *United States v Triumph Capital Group, Inc.*, 211 FRD 31, 66 [the Fourth Amendment does not "impose any time limitation on the government's forensic examination of the evidence seized"]). Indeed, "[t]he Fourth Amendment itself 'contains no requirements about *when* the search or seizure is to occur or the *duration*' " (*Syphers*, 426 F3d at 469, quoting *United States v Gerber*, 994 F2d 1556, 1559-1560). Rather, "[t]he Fourth Amendment only requires that the subsequent search of the computer be made within a reasonable time" (*United States v Mutschelknaus*, 564 F Supp 2d 1072, 1076, *affd* 592 F3d 826).

Here, we conclude that the search of defendant's property was conducted within a reasonable period of time (*see id*. at 1076-1077; *see also United States v Brewer*, 588 F3d 1165, 1173; *United States v Burgess*, 576 F3d 1078, 1097, *cert denied* ___ US ___, 130 S Ct 1028). We note that there is no evidence that the ADA or the police acted in bad faith, or that defendant was prejudiced by the delay in searching his property (*see Brewer*, 588 F3d at 1173; *Burgess*, 576 F3d at 1097; *United States v Cameron*, 652 F Supp 2d 74, 81-82). At the suppression hearing, the ADA testified that defendant's arrest and the seizure of his property was part of a large-scale operation targeting child pornography, and that it was his understanding that the State Police Crime Laboratory would be analyzing all property uncovered in the investigation. It was not until defendant requested the return of his property that the ADA spoke to the State Police and realized that not all the property had been tested by that time. A senior investigator at the State Police Crime Laboratory testified that evidence sent there is analyzed on a "triage" basis, with priority given to certain cases, such as those involving a live victim, cases going to trial, or cases in which no arrest has been made. Here, because the limited preview of defendant's computer by the police during execution of the search warrant yielded a single image of child pornography and defendant pleaded guilty to possessing a sexual performance by a child (Penal Law § 263.16), the property had not yet been examined by the State Police Crime Laboratory when defendant requested its return in November 2009. Under those circumstances, the delay in searching defendant's property was not unreasonable (*see Mutschelknaus*, 564 F Supp 2d at 1076-1077; *see also Brewer*, 588 F3d at 1173 [several

months' delay in forensic analysis of computer media did not violate the Fourth Amendment]; *Burgess*, 576 F3d at 1097 [suppression of evidence not required based upon delay in searching computer and hard drives where probable cause was unaffected by the delay, the government acted in good faith, and the defendant did not identify any prejudice from the delay with the exception that he was temporarily denied access to his property]).

Although defendant contends that he was entitled to the immediate return of his property upon his demand for that property after sentencing on his 2009 conviction, we agree with the People that the police had an obligation to search defendant's property for contraband before returning it to him (*see generally United States v Jeffers*, 342 US 48, 54; *United States v LaFatch*, 565 F2d 81, 83, *cert denied* 435 US 971; *Matter of Sea Lar Trading Co. v Michael*, 94 AD2d 309, 315-316, *appeal dismissed* 60 NY2d 860).  Indeed, returning contraband, i.e., child pornography, to a defendant would constitute a crime (*see* Penal Law § 263.00 [5]; §§ 263.10, 263.11, 263.15, 263.16).

Finally, we reject defendant's further contention that the police were required to obtain a new search warrant before searching the property seized pursuant to the May 2009 warrant.  "Once a person or his [or her] effects have been reduced to custodial control in the law enforcement system his [or her] privacy has been intruded upon" (*People v Perel*, 34 NY2d 462, 465).  The subsequent search of the property lawfully seized "is then but a lesser-related intrusion incident to the [seizure] already effected" (*People v Greenwald*, 90 AD2d 668, 668; *see Perel*, 34 NY2d at 465; *People v Payne*, 233 AD2d 787, 787 ["Once a person has been placed in custody, his [or her] privacy has been compromised and the subsequent examination and testing of items seized at the time of arrest is permissible as a lesser-related intrusion incident to the arrest already effected"]).  Once defendant's property had been lawfully seized pursuant to the May 2009 warrant, he lacked a legitimate expectation of privacy in that property, notwithstanding the passage of time (*see People v Natal*, 75 NY2d 379, 384, *cert denied* 498 US 862; *People v Nordahl*, 46 AD3d 579, 580, *lv denied* 10 NY3d 842, 843; *People v King*, 232 AD2d 111, 117-118, *lv denied* 91 NY2d 875).

## Conclusion

Accordingly, we conclude that the judgment should be affirmed.

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court