Mercure, J.P.
Froceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioners in the County Court of Albany County on an indictment charging them with offering a false instrument for filing in the first degree (three counts).
Petitioner Salvatore Cascino owns petitioner Bronx County Recycling, LLC, a solid waste management facility located in Bronx County (see ECL 27-0701 [2]). Although the Bronx facility is licensed to handle only uncontaminated construction refuse (see 6 NYCRR 360-16.1 [a]; 360-16.2 [c]), waste that was contaminated with petroleum and that allegedly emanated from the Bronx facility was dumped at a site in the Town of Clermont, Columbia County. As a result, petitioners were charged in a Columbia County indictment with commencing operation of a solid waste facility without a permit and endangering public health, safety or the environment in the fourth degree (see ECL 27-0707 [1]; 71-2703 [2]; 71-2711 [3]). Petitioners were separately charged in an Albany County indictment with three counts of offering a false instrument for filing in the first degree based upon their alleged failure to disclose the receipt of the contaminated debris at the Bronx facility in annual reports to the Department of Environmental Conservation (see Penal Law § 175.35; 6 NYCRR 360-1.4 [c]; 360-1.14 [e]; 360-16.4 [i]).
At the jury trial on the Columbia County indictment, County Court (Nichols, J.) dismissed the first count on the ground that petitioners were not “operators” of the Clermont site as a matter of law, and the jury acquitted them of the charges related to endangering public health. Petitioners thereafter moved to dismiss the Albany County indictment as barred by double jeopardy and collateral estoppel. County Court (Breslin, J.) denied the motion, prompting the present CPLR article 78 proceeding seeking to prohibit respondents from taking any further action in the Albany County prosecution.
Petitioners argue that the charges contained in the Albany County indictment arise out of the same criminal transaction for which they were tried in Columbia County and are thus barred by the statutory prohibition against double jeopardy (see CPL 40.10 [2]; 40.20 [2]; Matter of Polito v Walsh, 8 NY3d 683, 686-687 [2007]). We disagree and, therefore, dismiss the petition.
*1459 The Columbia County trial addressed, operation of a facility and the disposal of contaminated solid waste at a site far removed from the Bronx facility; as County Court (Nichols, J.) determined, that disposal of refuse in Columbia County was separate and distinct from petitioners’ receipt of the refuse in the Bronx and their failure to report that receipt or the final disposal site to the Department of Environmental Conservation in Albany County. Inasmuch as the two prosecutions involved separate criminal offenses that “were not so closely related or connected in point of time and circumstance as to constitute a single criminal incident,” CPL 40.20 is inapplicable (People v Robinson, 65 AD2d 896 [1978]; see Matter of Kings Point Holdings, LLC v Kings Point Vil. Justice Ct., 83 AD3d 714, 715-716 [2011]; People v Dallas, 46 AD3d 489, 490 [2007], lv denied 10 NY3d 809 [2008]; People v Crandall, 161 AD2d 890, 891-892 [1990] ; cf. Matter of Sharpton v Turner, 170 AD2d 43, 45-47 [1991] , appeal dismissed 78 NY2d 1071 [1991], lv denied 79 NY2d 752 [1991]).* For the same reason, petitioners’ argument that prosecutors were obliged to present all of the charges against them in one indictment is without merit (see CPL 40.10 [2]; 40.40 [1]; People v Batista, 282 AD2d 825, 826 [2001], lv denied 96 NY2d 825 [2001]).
Finally, we reject petitioners’ argument that collateral estoppel bars the Albany County prosecution in light of their acquittal upon the endangering public health counts in Columbia County. In order to establish the applicability of the collateral estoppel doctrine, a petitioner must “show that the jury’s verdict in the prior trial necessarily decided a particular factual issue raised in the second prosecution” (People v Acevedo, 69 NY2d 478, 487 [1987]; see People v Goodman, 69 NY2d 32, 40 [1986]). Petitioners asserted in the trial on the Columbia County indictment that there was insufficient evidence identifying them as the source of unauthorized debris at the Clermont site, and that the minuscule amount of petroleum found could have come from other sources such as fuel delivery spills and old vehicles left on the site. The jury could have acquitted them on either basis, leaving open the separate question of whether the Bronx facility had received any contaminated debris — regardless of *1460 where it was ultimately deposited. Petitioners have not demonstrated that the latter issue was necessarily decided in their favor and, thus, collateral estoppel does not apply.
The remaining claims raised in the petition are deemed abandoned due to petitioners’ failure to raise them in their briefs (see Matter of Trudeau v Cantwell, 31 AD3d 844, 845 n 1 [2006]; Matter of Bello v Tax Appeals Trib. of State of N.Y., 213 AD2d 754, 755 n 3 [1995]).
Lahtinen, Spain, McCarthy and Garry, JJ., concur. Adjudged that the petition is dismissed, without costs.

 Petitioners note that the same evidence that they possessed contaminated debris and ultimately disposed of it in Columbia County was used in both prosecutions. That fact alone does not raise double jeopardy concerns, however, given the legal and factual distinctions between petitioners’ knowing misrepresentations as to the receipt and existence of the debris at the Bronx facility and their efforts to rid themselves of it in Columbia County (see People v DeProspero, 91 AD3d 39, 43-44 [2011], lv granted 18 NY3d 957 [Mar. 13, 2012]).