People v Socciarelli (2022 NY Slip Op 01630)





People v Socciarelli


2022 NY Slip Op 01630


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.


58 KA 19-01166

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL W. SOCCIARELLI, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered April 25, 2019. The judgment convicted defendant, upon his plea of guilty, of possessing a sexual performance by a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of two counts of possessing a sexual performance by a child (Penal Law § 263.16), defendant contends that the judgment must be reversed on the ground that he pleaded guilty based on the promise that the sentence would run concurrently with the sentence in People v Socciarelli ([appeal No. 1] — AD3d — [Mar. 11, 2022] [4th Dept 2022] [decided herewith]; see People v Fuggazzatto, 62 NY2d 862, 863 [1984]; see also People v Williams, 79 AD3d 1653, 1655 [4th Dept 2010], affd 17 NY3d 834 [2011]). Although we are modifying the judgment in appeal No. 1 by reducing the sentence (Socciarelli, — AD3d at &mdash), we reject defendant's contention that the judgment on appeal in this case should be reversed, inasmuch as the sentence in this case "will still run 'concurrently with and not exceed' the sentence imposed" in appeal
No. 1, even as reduced (People v Freeman, 159 AD3d 1337, 1337 [4th Dept 2018], lv denied 31 NY3d 1147 [2018]; see People v Dibble, 176 AD3d 1584, 1587 [4th Dept 2019], lv denied 34 NY3d 1077 [2019]).
We reject defendant's further contention that County Court erred in refusing to suppress evidence obtained pursuant to a search warrant for defendant's smartphone. Contrary to defendant's contention, there was probable cause to support the issuance of the search warrant. It is well settled that, "[i]n dealing with probable cause, . . . we deal with probabilities" (Brinegar v United States, 338 US 160, 175 [1949], reh denied 338 US 839 [1949]). " 'The affidavit [supporting the warrant application] need not contain information providing certainty that the objects sought will be found in the search . . . The issue is . . . rather whether the facts and circumstances taken as a whole gave the magistrate probable cause to believe that the desired items would be found in the search' " (People v Hayon, 57 Misc 3d 963, 970 [Sup Ct, Kings County 2017], quoting United States v Brinklow, 560 F2d 1003, 1006 [10th Cir 1977], cert denied 434 US 1047 [1978]; see generally People v Bigelow, 66 NY2d 417, 423 [1985]). The application established, inter alia, that a photograph of a "pubescent minor in a sex act" was uploaded from an IP address attributed to a residence where defendant was the sole occupant. That photograph was then shared, via a Facebook account in defendant's name, with a person in the Philippines, where defendant admitted he had Facebook "friends."
We agree with the many federal courts that "have reached the conclusion that illegal internet activity associated with a particular IP address is a sufficient basis to find a nexus between the unlawful use of the Internet at the IP address and a [device] possessed by the subscriber assigned that address" (Hayon, 57 Misc 3d at 970; see generally People v [*2]DeProspero, 20 NY3d 527, 530 [2013]). Based on the information set forth in the application and the well-established principle that "[a]pproval by a reviewing magistrate cloaks a search warrant with 'a presumption of validity' " (People v DeProspero, 91 AD3d 39, 44 [4th Dept 2011], affd 20 NY3d 527 [2013], quoting People v Castillo, 80 NY2d 578, 585 [1992], cert denied 507 US 1033 [1993]; see People v Welch, 2 AD3d 1354, 1357 [4th Dept 2003], lv denied 2 NY3d 747 [2004]), we conclude that there was probable cause to believe that defendant's electronic devices, including his smartphone, would contain information relevant to a criminal offense, i.e., the dissemination of child pornography (see DeProspero, 91 AD3d at 44-45; see also People v Vanness, 106 AD3d 1265, 1266-1267 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]).
Contrary to defendant's further contention, the search warrant was not overly broad inasmuch as the description of the electronic files to be seized from defendant's cell phone "was not broader than was justified by the probable cause upon which the warrant[] [was] based" (People v Crupi, 172 AD3d 898, 899 [2d Dept 2019], lv denied 34 NY3d 950 [2019], cert denied — US &mdash, 140 S Ct 2815 [2020]; cf. People v Carter, 31 AD3d 1167, 1169 [4th Dept 2006]).
Finally, defendant contends that the affiant who prepared the application lacked "personal knowledge of how IP address[es] functioned or any knowledge of computer forensics beyond investigating child pornography." Inasmuch as defendant "did not challenge the warrant in [the suppression c]ourt on that ground," his contention is not preserved for our review (People v Samuel, 137 AD3d 1691, 1693 [4th Dept 2016]; see People v Navarro, 158 AD3d 1242, 1243-1244 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]; see generally People v Lanaux, 156 AD3d 1459, 1460 [4th Dept 2017], lv denied 31 NY3d 985 [2018]), and we decline to exercise our power to review it as a matter
of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court