■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HADDOCK, JR., Appellant. [852 NYS2d 441]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 30, 2004, upon a verdict convicting defendant of two counts of the crime of failure to register under the Sex Offender Registration Act.

Defendant was arrested in 1989 and convicted in 1991 of attempted rape in the first degree. He was sentenced to a prison term of 6 to 12 years, which he completed, and he was released in 2001. Because of the nature of his crime, he was required to register under the Sexual Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). In August 2002, a detective in the City of Albany Police Department located defendant and obtained his current address and his signature on a SORA registration form. Thereafter, defendant failed to comply with the registration requirements resulting in misdemeanor convictions in March 2003 and August 2003 for failing to register (*see* Correction Law § 168-t).* He allegedly again did not comply with the SORA registration mandates resulting in an indictment charging him with two felony counts of failing to register (*see* Correction Law § 168-f [2], [4]; *see also* Correction Law § 168-t). He was convicted of both counts following a jury trial and sentenced to concurrent prison terms of 1 to 3 years. Defendant appeals.

We consider first defendant's argument that County Court erred in refusing his request that the jury charge include, among other things, an instruction that the People were required to

---

* Correction Law § 168-t has since been amended to provide that a first offense for failing to register is a class E felony and any subsequent offense is a class D felony (*see* L 2007, ch 373, § 1).

prove that he knowingly failed to comply with SORA's registration requirements. While Correction Law § 168-t contains no requirement of a culpable mental state, such omission is not the end of the analysis. The Legislature has instructed that "[a]lthough no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense" (Penal Law § 15.15 [2]). It is well recognized that "[i]n the absence of a clear legislative intent to impose strict criminal liability, such construction should not be adopted" (*People v Coe*, 71 NY2d 852, 855 [1988]; *see* Penal Law § 15.15 [2]). Strict liability statutes are not favored (*see Staples v United States*, 511 US 600, 605-606 [1994]; *People v Campbell*, 72 NY2d 602, 608 [1988] [Bellacosa, J., dissenting]; 1 LaFave, Substantive Criminal Law § 5.5 [2d ed]; Model Penal Code § 2.05). In determining whether the Legislature has expressed a clear intent to create a crime without fault, relevant considerations include the provisions of the enactment viewed as a whole and the legislative history (*see People v Nogueros*, 42 NY2d 956, 956-957 [1977]), as well as factors such as the severity of the penalty and the public harm being protected against (*see Morissette v United States*, 342 US 246, 255-257 [1952]; 1 LaFave, Substantive Criminal Law § 5.5 [2d ed]).

In light of the nature of the penalty and the absence of any specific language in the statute or its legislative history clearly expressing an intent to create a strict liability crime, we are unpersuaded that a crime with no scienter was intended (*see generally Morissette v United States*, 342 US at 250-263; *People v Lopez*, 140 P3d 106, 111-113 [Colo 2005] [construing that state's sexual offender registration act to require a culpable mental state despite the absence of one in the statute]; *cf. State v White*, 162 NC App 183, 189, 590 SE2d 448, 452 [2004] [specific legislative intent supported determination that no mens rea requirement necessary]; *compare People v Patterson*, 185 Misc 2d 519 [2000], *with People v Manson*, 173 Misc 2d 806 [1997]). The notice provisions laced throughout the statute (*see* Correction Law § 168-b [4]; § 168-d [1]; § 168-e [1]) evince an intent that a violator should not be subjected to a strict liability standard. In fact, the prescribed notice provisions make the "use of the term 'strict liability' . . . a misnomer" as to this offense (*Staples v United States*, 511 US at 608 n 3; *see Liparota v United States*, 471 US 419, 443 n 7 [1985] [White, J., dissenting]; 1 LaFave, Substantive Criminal Law § 5.5 n 1 [2d ed]). Recognizing the significance of the notice requirements, as well as due process issues implicated, the Criminal Jury Instructions set forth knowledge as an element of this crime (*see* CJI2d[NY]

Correction Law § 168-t; *see also Lambert v California*, 355 US 225 [1957]). Establishing knowledge is not an onerous task for the People under SORA since it can be proven by circumstantial evidence (*see Commonwealth v Ramirez*, 69 Mass App Ct 9, 13 n 6, 865 NE2d 1158, 1162 n 6 [2007]; *cf. People v Lewis*, 125 AD2d 918, 919 [1986], *lv denied* 69 NY2d 882 [1987]), including being inferred from the notice given an offender under the statute (*see People v Garcia*, 25 Cal 4th 744, 752, 23 P3d 590, 594 [2001]).

Here, County Court charged only two elements as to each felony. As to count one, the court charged that the People had to prove that defendant was required to annually register and that he failed to register. As to count two, the charge required findings that defendant was required to register and that he failed to do so within 10 days of a change of address. Defendant objected both before and after the charge and requested, among other things, that the charge include a knowledge requirement. While the People's proof included ample evidence of defendant's knowledge, the failure to provide a charge as to such element cannot be regarded as harmless error (*see People v Rowland*, 14 AD3d 886, 887 [2005]).

Finally, we note that the indictment was not, as asserted by defendant, jurisdictionally defective (*see People v Welch*, 46 AD3d 1228, 1229 [2007]; *see also People v D'Angelo*, 98 NY2d 733, 735 [2002]). The remaining arguments are academic.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.