■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GERENA, Appellant. [854 NYS2d 614]—

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (§ 160.10 [1]), and burglary in the first degree (§ 140.30 [4]). Defendant contends that County Court erred in refusing to suppress his statements to the police on the ground that he was unable to understand the *Miranda* warnings that were given to him in English and thus that he did not voluntarily waive his *Miranda* rights. We reject that contention. The court credited the testimony of the police that defendant understood the *Miranda* warnings and responded with appropriate answers to the questions he was asked. We accord great weight to the determination of the suppression court " 'because of its ability to observe and assess the credibility of the witnesses,' " and we perceive no reason to disturb its determination (*People v McConnell*, 233 AD2d 867 [1996], *lv denied* 89 NY2d 987 [1997]).

We further reject defendant's contention that the court erred in refusing to give the identification charge for one witness identification cases (*see* CJI2d[NY] Identification—One Witness). As the court properly stated, the charge is used "normally when persons don't have knowledge of one another," and that is not the case here. In any event, we note that the court properly charged the jury that the People were required to prove every element of the crime beyond a reasonable doubt, "including that the defendant is the person who committed the crime" (*see People v Whalen*, 59 NY2d 273, 279 [1983]; *People v Barton*, 301 AD2d 747 [2003], *lv denied* 99 NY2d 625, 1 NY3d 539 [2003]). We also reject defendant's contention that the court's jury instructions improperly drew attention to defendant and his statements to the police. Indeed, the charge mirrored the model charge set forth in 1 CJI(NY) 4.06.

Contrary to defendant's further contention, the evidence is legally sufficient to establish that he used a gun, which is a necessary element of robbery in the first degree and burglary in the first degree as charged (*see generally People v Bleakley*, 69

NY2d 490, 495 [1987]). The People presented evidence establishing that defendant "consciously display[ed] something that could reasonably be perceived as a firearm" (*People v Baskerville*, 60 NY2d 374, 381 [1983]). Also contrary to defendant's contention, the evidence is legally sufficient to establish that he forcibly stole property from the victims, which is a necessary element of robbery in the first and second degrees. We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. We further conclude that the court properly sentenced defendant as a second felony offender, based on a prior conviction of conspiracy to possess a controlled substance with the intent to distribute it (*see* 21 USC § 841 [a] [1]; § 846). As the court properly determined, the predicate felony "is equivalent to a New York felony" (*People v Gonzalez*, 61 NY2d 586, 589 [1984]; *see* Penal Law § 105.10 [1]; § 220.16 [1]). We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.