■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALPHONSO VALLE, Appellant. [894 NYS2d 683]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 11, 2006. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]). Defendant contends that he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights because of his language deficits and subnormal intellect. We reject that contention. The record establishes that defendant was given the *Miranda* warnings in Spanish because, although defendant understood and spoke

both English and Spanish, the officers believed that he would better understand the warnings in Spanish (*see generally People v Valverde*, 13 AD3d 658, 659 [2004], *lv denied* 4 NY3d 836 [2005]; *People v Garrido-Valdez*, 299 AD2d 858 [2002], *lv denied* 99 NY2d 614 [2003]; *People v Mendez*, 283 AD2d 522, 523 [2001], *lv denied* 97 NY2d 642 [2001]). The record of the *Huntley* hearing further establishes that defendant responded to questioning in an appropriate manner without exhibiting any comprehension difficulty. With respect to the contention of defendant concerning his subnormal intellect, we note that "[t]he intelligence of a defendant is only one factor to consider in determining whether his or her waiver of *Miranda* rights was voluntary and, here, the record supports [Supreme Court's] determination that defendant understood the meaning of the *Miranda* warnings prior to waiving his rights" (*People v Green*, 60 AD3d 1320, 1322 [2009], *lv denied* 12 NY3d 915 [2009]; *see People v Williams*, 62 NY2d 285, 287 [1984]). Defendant failed to preserve for our review his further contention that the court improperly questioned a defense witness during the *Huntley* hearing (*see People v Charleston*, 56 NY2d 886, 887 [1982]; *People v Smalls*, 293 AD2d 500 [2002], *lv denied* 98 NY2d 681 [2002]). In any event, that contention is without merit inasmuch as the court was merely clarifying the testimony of that witness, and it did so as well with the People's witnesses (*see generally People v Nurse*, 8 AD3d 301 [2004], *lv denied* 3 NY3d 679 [2004]). We have considered defendant's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Centra, Carni and Pine, JJ.