THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY WILLIS, Appellant. [917 NYS2d 788]—

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered October 24, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, failure to register and/or to verify his status as a sex offender and forcible touching.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), failure to register as a sex offender and/or to verify his status as such (Correction Law § 168-f [4]), and forcible touching (Penal Law § 130.52). Defendant contends that the evidence is legally insufficient to support the forcible touching conviction inasmuch as the People failed to establish the victim's lack of consent. That contention is not preserved for our review inasmuch as defendant failed to raise that ground in his motion for a trial order of dismissal with respect to the forcible touching conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Jacobson*, 60 AD3d 1326, 1327-1328 [2009], *lv denied* 12 NY3d 916 [2009]) and, in any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant further contends that the evidence is legally insufficient to support the forcible touching conviction because the People failed to establish that he acted "for the purpose of degrading or abusing" the victim "or for the purpose of gratifying [his] sexual desire" (§ 130.52). We reject that contention. "Because the question of whether a person was seeking sexual gratification is generally a subjective inquiry, it can be inferred from the conduct of the perpetrator" (*People v Beecher*, 225 AD2d 943, 944 [1996]). Here, it can be inferred that defendant grabbed the victim's breast for the purpose of sexual gratification from, inter alia, the fact that he placed his hands on his crotch prior to touching the victim and the fact that he touched the victim's buttocks on a prior occasion (*see generally People v Fuller*, 50 AD3d 1171, 1174-1175 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Watson*, 281 AD2d 691, 697 [2001], *lv denied* 96 NY2d 925 [2001]).

We conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction of burglary and failure to register as a sex offender and/or to verify defendant's status as such (*see generally Bleakley*, 69 NY2d at 495). Even assuming, arguendo, that the People were required to establish that defendant knowingly or intentionally failed to comply with the requirements of the Sex Offender Registration Act (SORA) (Correction Law § 168 *et seq.*; *People v Haddock*, 48 AD3d 969, 970-971 [2008], *lv dismissed* 12 NY3d 854 [2009]), we conclude that there is sufficient evidence in the record from which a rational jury could reasonably conclude that defendant knowingly failed to register and/or verify pursuant to SORA.

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, we conclude that County Court properly denied his request for an expanded identification charge inasmuch as this case did not involve a " 'close question of identity' " (*People v Perez*, 77 NY2d 928, 929 [1991]; *see People v Singleton*, 286 AD2d 877 [2001], *lv denied* 97 NY2d 658 [2001]; *People v Rogers*, 245 AD2d 1041 [1997]). Defendant admitted in a statement to the police that he was inside the victim's home on the date in question and that he returned to the victim's home the following day, shortly after which he was apprehended by the police. In any event, the court "properly charged the jury that the People were required to prove every element of the crime beyond a reasonable doubt, 'including that the defendant is the person who committed the crime' " (*People v Gerena*, 49 AD3d 1204, 1205 [2008], *lv denied* 10 NY3d 958 [2008]; *see People v Whalen*, 59 NY2d 273, 279 [1983]; *People v Barton*, 301 AD2d 747 [2003], *lv denied* 99 NY2d 625 [2003], *reconsideration denied* 1 NY3d 539 [2003]).

Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Williams*, 300 AD2d 1059 [2002], *lv denied* 99 NY2d 634 [2003]). To the extent that defendant contends that he was deprived of a fair trial by prosecutorial misconduct during summation, we note that defense counsel objected to the allegedly improper comments and that those objections were sustained. In any event, we conclude that "[a]ny 'improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968 [2003], *lv denied* 100 NY2d 583 [2003]).

Finally, the sentence is not unduly harsh or severe. Present— Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.