■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HADDOCK, Appellant. [914 NYS2d 431]—

Lahtinen, J. Appeal from a judgment of the Supreme Court

(Lamont, J.), rendered May 15, 2009 in Albany County, upon a verdict convicting defendant of the crime of failure to register under the Sex Offender Registration Act.

Defendant is a risk level three sex offender required to register under the Sexual Offender Registration Act (*see* Correction Law art 6-C). He has been convicted several times for failing to register; one conviction was reversed (*People v Haddock*, 48 AD3d 969, 971 [2008], *lv denied* 12 NY3d 854 [2009]). Upon being released from his most recent incarceration in March 2007, defendant refused to provide a correction counselor with information about where he planned to reside. Shortly thereafter, police learned that he had been residing, unregistered, in the City of Albany for a period exceeding 10 days. He was indicted on one count of failing to register (*see* Correction Law §§ 168-f, 168-t) and, following a jury trial, convicted of the charged crime. Supreme Court sentenced him to 1 to 3 years in prison. Defendant appeals.

Where, as here, defendant contends that his conviction is not supported by legally sufficient evidence, "we review the evidence in a light most favorable to the People, and will not disturb a conviction as long as the evidence at trial establishes 'any valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the fact finder' " (*People v Lynch*, 95 NY2d 243, 247 [2000] [brackets omitted], quoting *People v Williams*, 84 NY2d 925, 926 [1994]). The People produced proof through various witnesses establishing that defendant's prior sex-related conviction made him subject to the registration requirements, he had knowledge of these requirements since he was informed thereof upon his most recent release from prison, he thereafter lived in Albany for a period exceeding 10 days without reporting his address, and he had a prior conviction for failing to register. All elements of the crime were established by legally sufficient evidence.

The double jeopardy arguments advanced by defendant are without merit. His earlier conviction for failing to register that we reversed (*People v Haddock*, 48 AD3d at 969) involved acts that long predated—and thus were separate and distinct from—the acts constituting the current crime (*see e.g. Matter of Martinucci v Becker*, 50 AD3d 1293, 1294 [2008], *lv denied* 10 NY3d 709 [2008]). Defendant's further argument that double jeopardy was implicated because his underlying sex crime occurred before the Sex Offender Registration Act was enacted is an argument that we have previously considered and found unavailing (*see e.g. People v Szwalla*, 61 AD3d 1289, 1290 [2009]).

Supreme Court did not err in denying defendant's request to represent himself. The reasonableness of a trial court's decision regarding an application to proceed pro se is not measured solely by a particular colloquy, but includes all relevant aspects of the record prior to the decision (*see People v Thomas*, 73 AD3d 1223, 1224 [2010], *lv dismissed* 15 NY3d 779 [2010]). After jury selection and prior to opening statements, defendant stated that he wanted to represent himself. Throughout pretrial hearings and the proceedings to that point in the trial, defendant was repeatedly disruptive, had numerous outbursts, continually disregarded the court's instructions, constantly interrupted proceedings, often broke into profanity-laced diatribes, and evinced no ability to present even a minimally cogent defense or to conduct himself in a manner that would permit a fair and orderly trial.

Review of the record reveals that defendant received meaningful representation. He failed to demonstrate the absence of strategic or other legitimate explanation for his counsel's purported shortcomings, including his decision to withdraw certain peremptory challenges (*see People v Colon*, 90 NY2d 824, 826 [1997]; *see generally People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]). Supreme Court did not abuse its discretion with the sentence it imposed and there are no extraordinary circumstances meriting a reduction of defendant's sentence (*see People v Sieber*, 26 AD3d 535, 536 [2006], *lv denied* 6 NY3d 853 [2006]). The remaining arguments have been considered and found unavailing.

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.