# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1248**

**KA 12-01721**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN SMITH, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (RICHARD W. YOUNGMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN SMITH, DEFENDANT-APPELLANT PRO SE.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (JACQUELINE MCCORMICK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered June 7, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Wayne County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [2]), defendant contends that County Court erred in failing to adjudicate him a youthful offender. We note at the outset that the People do not dispute defendant's assertion that he is a "youth . . . eligible to be found a youthful offender" (CPL 720.10 [2]). "Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]; *see People v Rudolph*, 21 NY3d 497, 503). Here, despite defendant's application during the plea colloquy to be found an eligible youth, the court failed to address the issue of defendant's eligibility during the sentencing proceeding. Furthermore, "we cannot deem the court's failure to rule on the . . . [application] as a denial thereof" (*People v Spratley*, 96 AD3d 1420, 1421, *following remittal* 103 AD3d 1211, *lv denied* 21 NY3d 1020; *see People v Ingram*, 18 NY3d 948, 949; *People v Chattley*, 89 AD3d 1557, 1558). We therefore hold the case, reserve decision, and remit the matter to County Court to make and state for the record "a determination of whether defendant is a

youthful offender" (*Rudolph*, 21 NY3d at 503).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court