# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

293

KA 12-02053

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

PERCY L. SCOTT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 16, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Defendant contends that County Court erred in failing to determine whether he was eligible for youthful offender status. Defendant, an eligible youth, pleaded guilty pursuant to a plea bargain that included a promised sentence and a waiver of the right to appeal. There was no mention during the plea proceedings whether he would be afforded youthful offender treatment.

"Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]). A sentencing court must determine whether to grant youthful offender status to every defendant who is eligible for it because, inter alia, "[t]he judgment of a court as to which young people have a real likelihood of turning their lives around is just too valuable, both to the offender and to the community, to be sacrificed in plea bargaining" (*People v Rudolph*, 21 NY3d 497, 501).

We therefore hold the case and remit the matter to County Court to make and state for the record a determination whether defendant should be afforded youthful offender status (*see Rudolph*, 21 NY3d at

503).

Frances E. Cafarell
Clerk of the Court