# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

657

KA 09-00861

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

BRANDON S. HALL, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered April 22, 2009.  The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following Memorandum:  Defendant appeals from a judgment convicting him, upon his guilty plea, of burglary in the first degree (Penal Law § 140.30 [2]).  By failing to move to withdraw his plea of guilty or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665; *People v Hawkins*, 94 AD3d 1439, 1440, *lv denied* 19 NY3d 974).  Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement because nothing in the plea allocution "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*Lopez*, 71 NY2d at 666; *see People v Moorer*, 63 AD3d 1590, 1590-1591, *lv denied* 13 NY3d 837).

As defendant further contends and the People correctly concede, however, the court erred in failing to determine whether defendant should be afforded youthful offender status.  Defendant, an eligible youth, pleaded guilty pursuant to a plea bargain that included a promised sentence.  There was no mention during the plea proceedings whether defendant would be adjudicated a youthful offender.  "Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant.  After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]).  The sentencing court must make "a youthful offender determination in every case where the defendant is

eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*People v Rudolph*, 21 NY3d 497, 501; *see People v Scott*, 115 AD3d 1342, 1343; *People v Smith*, 112 AD3d 1334, 1334). We therefore hold the case, reserve decision on any issues not addressed herein, and remit the matter to County Court to make and state for the record "a determination of whether defendant is a youthful offender" (*Rudolph*, 21 NY3d at 503).

Entered: July 3, 2014

Frances E. Cafarell
Clerk of the Court