*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                    105736
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

SKELLY A. CROWELL,
                        Appellant.
_____


Calendar Date:  June 6, 2014

Before:  Lahtinen, J.P., Stein, Egan Jr., Devine and Clark, JJ.

_____


        John A. Cirando, Syracuse, for appellant.

        Mary E. Rain, District Attorney, Canton (Patricia C.
Campbell of counsel), for respondent.

_____


Lahtinen, J.P.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered January 7, 2013, which revoked
defendant's probation and imposed a sentence of imprisonment.

        Upon his guilty plea to failing to register as a sex
offender (see Correction Law §§ 168-f, 168-t), defendant was
sentenced to five years of probation on August 27, 2012.
Thereafter a violation of probation petition was filed and, on
December 20, 2012, defendant admitted to all of the alleged
probation violations and was remanded to jail for a treatment
evaluation.  It was agreed that if the treatment evaluation
recommended inpatient treatment, defendant would be released for
such treatment and, if successful, be eligible to be placed back
on extended probation.  However, if outpatient treatment were

recommended, County Court informed defendant that it would impose a prison sentence of up to four years. After a recommendation for inpatient treatment, the court ordered defendant's release to the supervision of the St. Lawrence County Probation Department on the condition that he admit himself to inpatient treatment and successfully complete treatment. On January 4, 2013, a uniform court report was submitted to the court alleging that defendant had violated the conditions of his release by being administratively discharged that day from the treatment center for sexually harassing another patient. At sentencing, after defendant acknowledged that he failed to comply with the condition of release that required him to successfully complete inpatient treatment, County Court vacated defendant's probation and sentenced him to a prison term of 1⅓ to 4 years. Defendant appeals.

We affirm. To the extent that defendant's contention that his admissions to the allegations contained in the violation of probation petition were not voluntary, knowing or intelligent is preserved, the record reflects that defendant's counseled admissions were freely entered, after advisement of his rights, an opportunity to confer with his counsel and an explicit waiver of his right to a hearing (see People v Diaz, 26 AD3d 644, 645 [2006], lv denied 7 NY3d 755 [2006]). Defendant's admitted failure to successfully complete inpatient treatment established a breach of that condition of release and supports the sentencing court's imposition of the enhanced sentence (see People v Outley, 80 NY2d 702, 712-713 [1993]; People v McDevitt, 97 AD3d 1039, 1040-1041 [2012], lv denied 20 NY3d 987 [2012]). Defendant's argument that an updated presentence investigation report was required before resentencing him to prison is not preserved (see People v Alexander, 110 AD3d 1111, 1111-1112 [2013], lv denied 22 NY3d 1154 [2014]; People v Warriner, 98 AD3d 1190, 1191 [2012]), and we find no abuse of discretion or extraordinary circumstances to warrant a reduction of the sentence (see People v Alexander, 110 AD3d at 1112; People v Haddock, 80 AD3d 885, 887 [2011], lv denied 16 NY3d 831 [2011]).

Stein, Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court