Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered October 6, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts), assault in the first degree and grand larceny in the fourth degree.
It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his guilty plea of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [1], [3]), defendant contends and the People correctly concede that County Court erred in failing to determine whether defendant, an eligible youth (see CPL 720.20 [1]), should be afforded youthful offender status. Pursuant to CPL 720.20 (1), the sentencing court must make “a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain” (People v Rudolph, 21 NY3d 497, 501 [2013]; see People v Scott, 115 AD3d 1342, 1343 [2014] ; People v Smith, 112 AD3d 1334, 1334 [2013]). Here, there was no mention during the plea proceeding or at sentencing whether defendant would be adjudicated a youthful offender. We therefore hold the case, reserve decision, and remit the matter to County Court to make and state for the record “a determination of whether defendant is a youthful offender” (Rudolph, 21 NY3d at 503).
Present — Smith, J.P, Peradotto, Carni, Valentino and Whalen, JJ.