# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1288**
**KA 12-02155**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

MURIDI MOHAMED, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF
COUNSEL), FOR RESPONDENT.

---

    Appeal from a judgment of the Erie County Court (Thomas P.
Franczyk, J.), rendered October 4, 2012.  The judgment convicted
defendant, upon his plea of guilty, of robbery in the second degree.

    It is hereby ORDERED that the case is held, the decision is
reserved and the matter is remitted to Erie County Court for further
proceedings in accordance with the following Memorandum:  In appeal
No. 1, defendant appeals from a judgment convicting him upon his plea
of guilty of robbery in the second degree (Penal Law § 160.10 [1])
and, in appeal No. 2, defendant appeals from a judgment convicting him
upon a nonjury verdict of manslaughter in the first degree
(§ 125.20 [1]).

    With respect to appeal No. 2, viewing the evidence in light of
the elements of the crime in this nonjury trial (*see People v
Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not
against the weight of the evidence (*see People v Goley*, 113 AD3d 1083,
1084; *see generally People v Bleakley*, 69 NY2d 490, 495).  " 'In a
bench trial, no less than a jury trial, the resolution of credibility
issues by the trier of fact and its determination of the weight to be
accorded the evidence presented are entitled to great deference' "
(*People v McCoy*, 100 AD3d 1422, 1422), and we perceive no reason to
disturb County Court's credibility determinations.

    Defendant contends in appeal No. 2 that the court erred in
refusing to suppress his statements to the police on the ground that
he did not voluntarily waive his *Miranda* rights because he was unable
to understand the *Miranda* warnings recited to him in English.  We
reject that contention.  The record of the *Huntley* hearing " 'supports
[the court's] determination that defendant understood the meaning of
the *Miranda* warnings prior to waiving his rights' " (*People v Valle*,

70 AD3d 1386, 1387, *lv denied* 15 NY3d 758; *see People v Gerena*, 49 AD3d 1204, 1205, *lv denied* 10 NY3d 958). We further conclude in appeal No. 2 that defendant was not denied effective assistance of counsel (*see generally People v Stultz*, 2 NY3d 277, 282, *rearg denied* 3 NY3d 702; *People v Baldi*, 54 NY2d 137, 147).

In both appeals, defendant contends that the court erred in failing to determine whether he was eligible for youthful offender status. As the People correctly concede, defendant is an eligible youth, and the sentencing court must make "a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it" (*People v Rudolph*, 21 NY3d 497, 501; *see People v Scott*, 115 AD3d 1342, 1343; *People v Smith*, 112 AD3d 1334, 1334). We therefore hold the case in each appeal, reserve decision, and remit the matter to County Court to make and state for the record a determination in each appeal whether defendant should be afforded youthful offender status (*see Rudolph*, 21 NY3d at 503; *People v Hall*, 119 AD3d 1349, 1350).

Entered: January 2, 2015                          Frances E. Cafarell
                                                  Clerk of the Court