*1333 Appeal from a judgment of the Erie County Court (Thomas E Franczyk, J.), rendered October 4, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.
It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]) and, in appeal No. 2, defendant appeals from a judgment convicting him upon a nonjury verdict of manslaughter in the first degree (§ 125.20 [1]).
With respect to appeal No. 2, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Goley, 113 AD3d 1083, 1084 [2014]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). “ Tn a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference’ ” (People v McCoy, 100 AD3d 1422, 1422 [2012]), and we perceive no reason to disturb County Court’s credibility determinations.
Defendant contends in appeal No. 2 that the court erred in refusing to suppress his statements to the police on the ground that he did not voluntarily waive his Miranda rights because he was unable to understand the Miranda warnings recited to him in English. We reject that contention. The record of the Huntley hearing “ ‘supports [the court’s] determination that defendant understood the meaning of the Miranda warnings prior to waiving his rights’ ” (People v Valle, 70 AD3d 1386, 1387 [2010], lv denied 15 NY3d 758 [2010]; see People v Gerena, 49 AD3d 1204, 1205 [2008], lv denied 10 NY3d 958 [2008]). We further conclude in appeal No. 2 that defendant was not denied effective assistance of counsel (see generally People v Stultz, 2 NY3d 277, 282 [2004], rearg denied 3 NY3d 702 [2004]; People v Baldi, 54 NY2d 137, 147 [1981]).
In both appeals, defendant contends that the court erred in failing to determine whether he was eligible for youthful offender status. As the People correctly concede, defendant is an eligible youth, and the sentencing court must make “a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it” (People v *1334 Rudolph, 21 NY3d 497, 501 [2013]; see People v Scott, 115 AD3d 1342, 1343 [2014]; People v Smith, 112 AD3d 1334, 1334 [2013]). We therefore hold the case in each appeal, reserve decision, and remit the matter to County Court to make and state for the record a determination in each appeal whether defendant should be afforded youthful offender status (see Rudolph, 21 NY3d at 503; People v Hall, 119 AD3d 1349, 1350 [2014]).
Present-Smith, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.