People v McLaughlin (2019 NY Slip Op 00785)





People v Mclaughlin


2019 NY Slip Op 00785


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1398 KA 17-01098

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEAN P. MCLAUGHLIN, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered June 3, 2015. The judgment convicted defendant, after a nonjury trial, of failure to register an Internet identifier (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him after a nonjury trial of two counts of failure to register an Internet identifier (Correction Law § 168-f [4]), defendant contends that the conviction is not supported by legally sufficient evidence. We disagree. "Even assuming, arguendo, that the People were required to establish that defendant knowingly or intentionally failed to comply with the requirements of the Sex Offender Registration Act" (People v Willis, 79 AD3d 1739, 1740 [4th Dept 2010], lv denied 16 NY3d 864 [2011]; see People v Haddock, 48 AD3d 969, 970-971 [3d Dept 2008], lv dismissed 12 NY3d 854 [2009]), we conclude that the evidence, viewed in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), is legally sufficient to meet that requirement.
Pursuant to Correction Law § 168-f (4), a convicted sex offender such as defendant must timely register all "[I]nternet identifiers that such offender uses" with the Division of Criminal Justice Services (DCJS). The statute defines Internet identifiers as "electronic mail addresses and designations used for the purposes of chat, instant messaging, social networking or other similar [I]nternet communication" (§ 168-a [18]). Here, there is ample evidence in the record from which County Court could have reasonably concluded that defendant, identifying himself by the screen and display names charged in the indictment, used certain instant messaging and social media application software to communicate with a 12-year-old boy, and that defendant did not provide either the screen name or the display name to DCJS. Thus, for each count, there is "[a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court