People v Boothe (2020 NY Slip Op 07084)





People v Boothe


2020 NY Slip Op 07084


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-01176
 (Ind. No. 2201/16)

[*1]The People of the State of New York, respondent,
v
Terrane A. Boothe, appellant.


Murray E. Singer, Port Washington, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Mirza Hadzic of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered January 9, 2018, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Gia L. Morris, J.) of the defendant's motion to controvert a search warrant and to suppress certain physical evidence seized in the execution thereof.
ORDERED that the judgment is reversed, on the law, the defendant's motion to controvert the search warrant and to suppress evidence seized in the execution thereof is granted, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
On August 9, 2015, the defendant was arrested in connection with a June 12, 2015 gunpoint robbery at a deli in Far Rockaway, Queens. At the time of the arrest, a cell phone was recovered from the defendant's person. Shortly thereafter, the arresting officer submitted an affidavit in support of an application for a warrant to search the cell phone. In relevant part, the officer averred that individuals involved in robberies and other crimes "utilize mobile telephones to facilitate their illegal activities," and opined, without further elaboration or factual support, that the cell phone recovered on the defendant's person "possesses information concerning the communications related to the instant robbery," "had been utilized to speak with co-conspirators, suppliers and/or customers in furthering illegal activities," and contained "information that would lead to further apprehensions." The Criminal Court issued a search warrant on August 28, 2015, and issued a second search warrant on June 2, 2017, based on the same supporting information, after the District Attorney's Office acquired technology to unlock the phone.
The defendant moved, inter alia, to controvert the search warrant on the ground, among others, that the warrant application was insufficient to establish probable cause. The Supreme Court summarily denied the motion, and the defendant was ultimately convicted, after a jury trial, of robbery in the first degree. We reverse.
To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place (see People v Augustus, 163 AD3d 981, 982).
Contrary to the People's contention, the arresting officer's conclusory statement that the cell phone contained information relevant to the robbery was bereft of any supporting factual allegations—hearsay or otherwise—and, therefore, plainly insufficient to establish probable cause (see People v Augustus, 163 AD3d at 982-983). Although the arresting officer later testified, at trial, that he had observed photographs of a gun on the cell phone at the time of the defendant's arrest, such information—which arguably could have established probable cause provided it had been lawfully obtained (compare People v Watson, 163 AD3d 855, 858, with People v Marinez, 121 AD3d 423, 423-424; see generally Riley v California, 573 US 373)—was never included in the officer's supporting affidavit. Under these circumstances, the warrant application did not provide a reasonable factual basis for the issuance of the warrant (see People v Jemmott, 164 AD3d 953), and, therefore, the defendant's motion, inter alia, to controvert the warrant should have been granted.
Moreover, contrary to the People's contention, the error in denying the defendant's motion, and in admitting photographs downloaded from the defendant's cell phone, cannot be deemed harmless beyond a reasonable doubt under the circumstances of this case (see People v Augustus, 163 AD3d at 983; compare People v Marinez, 121 AD3d at 424, with People v Jemmott, 164 AD3d at 954).
In light of our determination, we need not reach the defendant's remaining contentions.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court