People v Branch (2024 NY Slip Op 01018)

People v Branch

2024 NY Slip Op 01018

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2016-03392
 (Ind. No. 2661/14)

[*1]The People of the State of New York, respondent, 
v
Torey Branch, appellant.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rachel Raimondi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered March 1, 2016, convicting him of burglary in the first degree, abortion in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Matthew J. D'Emic, J.), of the defendant's motion to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
The complainant, who was approximately 27 weeks pregnant, was assaulted in the hallway of her apartment building by two perpetrators, one of whom she identified as the defendant. The attack, which was captured on video surveillance, resulted in the miscarriage of the complainant's unborn child, whose father was the defendant. Following a jury trial, the defendant was convicted of burglary in the first degree, abortion in the first degree, and assault in the third degree.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that certain testimony concerning the complainant's statements to first responders constituted improper bolstering (see CPL 470.05[2]; People v Craig, 187 AD3d 1039, 1040). In any event, the defendant's contention is without merit. "If a proffered statement also meets the requirements to be admitted as an excited utterance, its admission would be proper, notwithstanding the characterization as a prior consistent statement" (People v Chin, 148 AD3d 925, 926). Here, the testimony was properly received in evidence as an excited utterance, as there was ample evidence to "justify the conclusion that the remarks were not made under the impetus of studied reflection" (People v Melendez, 296 AD2d 424, 425; see People v Ortiz, 198 AD3d 924, 926-927; People v Whitley, 59 [*2]AD3d 746, 747).
Nor was the defendant deprived of a fair trial when the Supreme Court admitted into evidence an autopsy photograph of the complainant's fetus. Photographic evidence "should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, 32 NY2d 356, 370; see People v Texidor, 123 AD3d 746, 746). Here, the photograph was "neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant" (People v Barnett, 163 AD3d 700, 702). Rather, it was relevant to help illustrate the testimony of the medical examiner and to prove the material elements of the abortion in the first degree count (see People v Stevens, 76 NY2d 833, 836; People v McClinton, 180 AD3d 712, 715; People v Barnett, 163 AD3d at 702). Contrary to the defendant's contention, the photograph was "not so inflammatory as to deprive him of a fair trial" (People v Abellard, 212 AD3d 842, 843 [internal quotation marks omitted]). Thus, the court did not improvidently exercise its discretion in admitting into evidence the autopsy photograph of the complainant's fetus.
Contrary to the defendant's contention, the Supreme Court properly denied his request for an expanded identification charge, as this case did not involve a close question of identity (see People v Perez, 77 NY2d 928, 929; People v Willis, 79 AD3d 1739, 1741; People v Gerena, 49 AD3d 1204, 1205). "[I]nasmuch as the trial court delivered instructions regarding the identification of the defendant, the general factors to be considered in evaluating the witnesses' credibility, and the People's burden of proving identification beyond a reasonable doubt, its charge was proper" (People v Love, 244 AD2d 431, 431). Moreover, this is a case where the defendant was known to the complainant (see People v Gerena, 49 AD3d at 1205).
The defendant correctly contends that the police search of his browsing history and URLs of his Blackberry cell phone was not authorized by the search warrant obtained by the police. "To establish probable cause, a search warrant must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Boothe, 188 AD3d 1242, 1243). Here, the affidavit of the detective failed to establish a reasonable belief that evidence of the crimes would be found in the browsing history and URLs of the defendant's Blackberry cell phone inasmuch as there were no allegations regarding the defendant's use of the Internet (see id. at 1243; People v Thompson, 178 AD3d 457, 458-459). However, the violation of the defendant's constitutional right was harmless error, as the evidence of the defendant's guilt was overwhelming, and there was no reasonable possibility that the error contributed to the defendant's conviction (see People v Lewis, 23 NY3d 179, 189; People v Crimmins, 36 NY2d 230, 237; People v Olsen, 148 AD3d 829, 830). Here, the complainant, who knew the defendant intimately over the course of nine years and was in close proximity to him during the attack, recognized his voice, his eyes, his physique, and his clothing and identified him as one of the perpetrators who assaulted her by repeatedly punching her face and stomach. Moreover, the complainant's testimony regarding the attack was corroborated by the surveillance video and the text messages from the defendant arranging to meet her at her home at the time the attack took place. Further, the complainant testified that the defendant did not want her to give birth to the child and had been pressuring her to have an abortion.
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court